IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| RITO PROSPERO, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   3:25-cv-00001 |
| | ) | |
| WAL-MART ASSOCIATES, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

WAL-MART ASSOCIATES, INC. ("Defendant") respectfully submits this Notice of Removal for the purpose of removing the above-entitled action from the 448th Judicial District Court in El Paso County, Texas to the United States District Court for the Western District of Texas. As grounds for this Notice of Removal, Defendant states as follows:

### I. PROCEDURAL HISTORY

1.    Plaintiff Rito Prospero commenced this action in the 448th Judicial District Court in El Paso County, Texas, Cause No. 2024DCV5174, by filing his Original Petition and Jury Demand ("Original Petition") on November 14, 2024. Copies of all pleadings filed in that action are attached as Exhibit A. In his Original Petition, Plaintiff alleges nonsubscriber negligence claims in relation to an injury he claims to have suffered while the course and scope of his employment with Defendant on March 25, 2024.

2.      Plaintiff served his Original Petition on Defendant on December 10, 2024 [Exhibit "A"].  This removal is thus timely filed.

3.      As Defendant more fully states below, removal of this matter is proper under 28 U.S.C. §§ 1332 and 1441 based on diversity jurisdiction.

## II. DIVERSITY JURISDICTION

4.      Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.      Plaintiff is a resident, and therefore, a citizen of El Paso County, Texas.

6.      Defendant is a Delaware corporation, with its principal place of business located in Arkansas. Therefore, Defendant Wal-Mart Associates, Inc. is a citizen of Delaware and Arkansas. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant. 28 U.S.C. §§ 1332, 1441.

7.      Where it is "facially apparent" that the claims more likely than not exceed $75,000, exclusive of interest and costs, the amount in controversy requirement of $75,000 for diversity jurisdiction is met. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). In his Original Petition, Plaintiff pleads that he is seeking damages for the following: past and future medical care and attention, lost earning capacity, loss of household duties, pain and suffering, mental anguish, and impairment. Plaintiff seeks monetary relief of no less than $250,000 and no more than $1,000,000. *See* Exhibit "A." Plaintiff also seeks punitive damages. *Id*. Plaintiff's claim for damages, therefore, exceeds $75,000, exclusive of interest and costs.

8.      Because Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware and Arkansas, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

9.      Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

10.     Accordingly, because this civil action is wholly between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441.

### III. OTHER REMOVAL MATTERS

11.     Defendant reserves the right to amend or supplement this Notice of Removal.

12.     There have been no pleadings served upon Defendant other than Plaintiff's Original Petition.

13.     This Notice of Removal is filed within 30 days of service upon Defendant of the petition in compliance with 28 U.S.C. § 1446(b).

14.     Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the District Court of El Paso County Texas, 448th Judicial District Court, attaching a file-stamped copy of this Notice of Removal.

15.     Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Western District of Texas.

WHEREFORE, Defendant gives notice that *Rito Prospero v. Wal-Mart Associates, Inc.*, Cause No. 2024DCV5174, in the 448th Judicial District Court of El Paso County Texas is removed to the United States District Court for the Western District of Texas.

Respectfully submitted,

**BLANCO ORDOÑEZ MATA & WECHSLER, P.C.**
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 (Facsimile)

By: _____
**STEVEN J. BLANCO**
State Bar No. 00796217
sblanco@bomwlaw.com
**ROBERT M. ESTRADA**
State Bar No. 24071886
restrada@bomwlaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered via [X] electronic service [ ] hand delivery [ ] facsimile transmission [ ] regular United States Mail [ ] certified mail, return receipt requested, postage prepaid, as required by law, on the 2nd day of January 2025 to the following parties or attorneys of record:

Raymond Martinez
Martinez & Martinez Law Firm, PLLC
2110 E. Yandell Dr.
El Paso, Texas 79903
(915) 541-1000
(915) 541-1002 (Fax)
raymond@martinezlawyers.com
Attorney for Plaintiff

_____
**ROBERT M. ESTRADA**

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
12/10/2024
CT Log Number 547948609

## Service of Process Transmittal Summary

**TO:**  KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**  **Process Served in Texas**

**FOR:**  Wal-Mart Associates, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PROSPERO RITO // To: Wal-Mart Associates, Inc. |
| **DOCUMENT(S) SERVED:** | Notice, Return, Petition And Jury Demand |
| **COURT/AGENCY:** | 448th Judicial District Court El Paso County, TX<br>Case # 2024DCV5174 |
| **NATURE OF ACTION:** | Personal Injury - 03/25/2024, Sam's Club #8153 located at 7970 N. Mesa St., El Paso, Texas 79932 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 12/10/2024 postmarked on 12/04/2024 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Raymond D. Martinez<br>Martinez & Martinez Law Firm, Pllc<br>2110 E. Yandell Dr.<br>El Paso, TX 79903<br>915-541-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/10/2024, Expected Purge Date: 12/15/2024<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/10/2024
CT Log Number 547948609

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **WAL-MART ASSOCIATES, INC.,** who may be served with process by serving its Registered Agent, **CT CORPORATION SYSTEM,** at **1999 BRYAN ST., SUITE 900, DALLAS, TX 75201** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **448th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 14th day of November, 2024 by Attorney at Law, **RAYMOND D. MARTINEZ, 2110 E. YANDELL DR., EL PASO, TX 79903,** in this case numbered **2024DCV5174** on the docket of said court, and styled:

**RITO PROSPERO**
**VS.**
**WAL-MART ASSOCIATES, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 25th day of November, 2024.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By: _M Negrete_____, Deputy
Marcos Negrete

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the **PLAINTIFF'S
ORIGINAL PETITION AND JURY DEMAND**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____    _____ Sheriff

                                              _____ County, Texas

        Total _____ $ _____    by _____, Deputy


**CERTIFICATE OF DELIVERY**

        I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____ o'clock ____ m. this copy of this instrument.


                                        _____, Sheriff/Agent

                                        _____ County, Texas

                                By _____, Deputy/Agent


**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**


        **(SEAL)**

                                _____

                                **NOTARY PUBLIC, STATE OF TEXAS**

El Paso County - 448th District Court

Filed 11/14/2024 4:42 PM
Norma Favela Barceleau
District Clerk
El Paso County
2024DCV5174

| | |
|---|---|
| **RITO PROSPERO,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **WAL-MART ASSOCIATES, INC.,** | § |
| | § |
| **Defendant.** | § |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, RITO PROSPERO (Plaintiff) complaining of WAL-MART ASSOCIATES, INC. (hereinafter separately and severally referred to as "Defendant") for a cause of action would respectfully show this Court the following:

### I.

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II.

Plaintiff RITO PROSPERO is an individual residing in El Paso County, Texas.

Defendant WAL-MART ASSOCIATES, INC. is a Delaware company doing business in El Paso County, Texas and may be served with process by serving their registered agent, C T CORPORATION SYSTEM at 1999 Bryan St, Suite 900, Dallas, Texas 75201 or wherever he or she may be found.

### III.

On or about March 25, 2024, Plaintiff was working in the usual, ordinary course and scope of his employment with Defendant. Plaintiff was under the supervision of the Defendant when Plaintiff sustained an on-the-job injury while working. Plaintiff was employed in the Meat Market at the Sam's Club #8153 located at 7970 N. Mesa St., El Paso, Texas 79932 by Defendant at the

PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND
Page 1 of 5

time of his injury. During the course and scope of his employment, Plaintiff sustained an injury to his right shoulder and right knee.

Defendant failed to provide its employees with proper assistance, preventive equipment, training, supervision, warnings and/or a safe workplace and as a result Plaintiff was injured.

Defendant also failed to provide Worker's Compensation insurance.

While working under Defendant's directions, Plaintiff suffered injuries as a direct result from working in his usual, ordinary course and scope of work. Plaintiff further alleges that Defendant, its agents, servants and employees negligently caused and/or negligently permitted such injury to happen and/or negligently failed to provide its employees with a hazard free work area.

Under Texas law, Defendant had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103.) Defendants failed to ensure a safe workplace for Plaintiff.

## IV.

Plaintiff would show that the damages and injuries were caused by the negligence of Defendant, their employees, agents and representatives. Plaintiff would also show that Defendant owed a duty to Plaintiff that Defendant breached that duty and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendant, their agents, representatives and employees were negligent by breaching their duty to Plaintiff in one or more of the following alternative claims of negligence:

1. Failure to furnish Plaintiff with a safe place to work.
2. Failure to provide adequate means of communication to enable its employees to inquire or obtain guidance from their employer on how to safely perform their job.
3. Failure to supervise the job.
4. Failure to furnish Plaintiff with adequate, necessary and suitable tools, appliances and equipment.

5.    Failure to supply adequate and reasonably competent fellow employees.
6.    Failure to properly educate, instruct and supervise Plaintiff in the performance of her duties.
7.    Failure to establish and enforce safety rules and regulations.
8.    Failure to warn Plaintiff of the dangers.
9.    Failing to give adequate warning.
10.   Failure to inspect.
11.   Failing to have a competent safety person on the jobsite.
12.   Failure to repair defective or broken equipment.
13.   Failing to adequately train, educate, or provide instructions and orders to persons.
14.   Failing to provide proper safety manuals and instructions to employees responsible for safety.
15.   Other negligence.

One or more of the foregoing acts or omissions of Defendant constituted negligence which negligence was a proximate cause of the injuries to Plaintiff which is made the basis of this cause of action. Further, one or more of the foregoing act or omissions was a proximate cause of the aggravated, enhanced, or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

Additionally, the actions of Defendant were made maliciously with the specific intent to cause substantial injury to Plaintiff. Alternatively, the actions, when viewed objectively from the standpoint of Defendant at the time the words were made, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff; and Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff. Therefore, the Plaintiff is entitled to an award of exemplary damages in an amount within the jurisdictional limits of the Court.

**V.**

As a result of the occurrence, Plaintiff suffered injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff,

and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the occurrence, Plaintiff was prevented from working and has lost earning capacity. Plaintiff will continue to suffer a loss of wage-earning capacity in the future.

Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future.

Plaintiff has suffered pain and suffering in the past. Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past. Plaintiff will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered in the past and will continue to suffer impairment to his body in the future. Plaintiff has suffered damage to the value of his life. Plaintiff has suffered damages within the jurisdictional limits of this Court.

Plaintiff's damages are within the court's jurisdictional limits. Pursuant to the amendment of Texas Rule of Civil Procedure 47, Plaintiff pleads as stated in the Rule: monetary relief over $250,000 but not more than $1,000,000. *See* Tex. R. Civ. P. 47.

Plaintiff has not calculated specific amounts for these elements of damages and does not anticipate doing so prior to trial. The Plaintiff understands and agrees that the amount of damages that should be reimbursed to the Plaintiff is solely within the discretion of the Jury. While reserving the right to request from the Jury such lesser amount as it determines to be fair and reasonable, at said insistence, the Plaintiff pleas the monetary relief as described in Texas Rule of Civil Procedure 47. However, if the Jury awards a greater amount, the Plaintiff will amend the petition to reflect the wisdom of the Jury.

## VI.

### Jury Demand

Plaintiff demands a Jury on all issues so triable. He has tendered the appropriate fee.

### VII.

### Request for Disclosure

You are requested to disclose the information or material described in Rule 194.2 at or within 30 days after the filing of the first answer.  With regard to the material described in Rule 194.2(b), please answer to the full extent authorized by the rules, which should include the names of all individuals and entities with an ownership interest in the business.

### VIII.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for all relief requested for punitive damages, for pre-judgment interest, post judgment interest, for costs of this suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
2110 E. Yandell Dr.
El Paso, Texas 79903
(915) 541-1000 phone
(915) 541-1002 facsimile

By:    */s/ Raymond D. Martinez*
      **RAYMOND D. MARTINEZ**
      State Bar No.: 24002537
      raymond@martinezlawyers.com